THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

PR RECOVERY AND DEVELOPMENT JV, LLC,

    **Appellant,**

    v.

BERNARDO LOPEZ LOPEZ AND IVETTE M. PAGAN RIVERA,

    **Appellees.**

Civil No. 22-1205 (ADC)

## OPINION AND ORDER

### I.    Introduction and Factual Background

Before the Court are appellant PR Recovery and Development JV, LLC's ("PR Recovery") Notice of Appeal (**ECF No. 5**) and Motion for Leave to Appeal (**ECF No. 5**, at 19-33) filed on May 5, 2022,[1] as well as PR Recovery's Brief filed on August 29, 2022 (**ECF No. 12**). PR Recovery requests leave to appeal an interlocutory Order entered by the United States Bankruptcy Court for the District of Puerto Rico on April 20, 2020, in *Bernardo López-López and Ivette M. Pagán-Rivera v. Banco de Desarrollo Económico para Puerto Rico*, Adv. Proc. No. 18-00097 ("Adversary Proceeding").

---

[1] Both the Notice of Appeal and the Motion for Leave to Appeal were included in the Bankruptcy Court's original transmittal of the notice of appeal and the accompanying record. **ECF 1**. However, an amended transmittal was made on June 6, 2022, again including both filings. **ECF No. 5**.

The Adversary Proceeding centers on a discharge order entered pursuant to 11 U.S.C. § 727 in favor of the appellees on October 3, 2011, in the case *In re Bernardo López-López and Ivette M. Pagán Rivera*, Bankr. No. 11-05453 (MCF) ("Main Bankr. Case"). Co-defendant Banco de Desarrollo Económico para Puerto Rico ("BDE") was a pre-petition creditor of appellees pursuant to a loan agreement executed in 2005, for which a mortgage note and mortgage deed were also executed. However, the record presented to the Bankruptcy Court showed that at the time it entered the discharge order in favor of appellees, BDE did not have the mortgage deed presented for recordation at the Registry of Property of Puerto Rico. Nonetheless, BDE proceeded to present it for recordation a month after the discharge order; and a month after that, it filed Proof of Claim No. 4 ("POC 4") claiming to be a secured claimant of the appellees and to have presented the mortgage deed for recordation on July 14, 2005.[2]

At the time, neither appellees nor the trustee objected to POC 4, and the case was later closed in 2015 after the trustee distributed the estate's assets to the unsecured creditors. BDE did not participate in the distribution, as it claimed to be a secured creditor.

---

[2] The documents submitted with POC 4 in the Main Bankr. Case show that a receipt of presentation of the mortgage deed was indeed issued by the Registry of Property on this date. *See*, **Main Bankr. Case, at POC 4, p. 11**. However, a sworn title study on appellees' property, presented by PR Recovery itself in the Adversary Proceeding, attests to the fact that BDE presented the mortgage deed on **November 2, 2011**. *See,* **Adversary Proceeding, at ECF No. 111-7**. The Court can only speculate that, at some point in between July 14, 2005 and November 2, 2011, the mortgage deed was either withdrawn or rejected by the Registrar, which would explain why BDE presented it for what it seems is a second time. But because the record is devoid of such facts, this remains mere idle speculation. In any case, this particular mystery is immaterial to PR Recovery's arguments and the Bankruptcy Court's ruling in its Order.

Three years later, in light of a then-recent title study performed on appellees' property, appellees moved to reopen the Main Bankr. Case to disallow POC 4 as a secured claim and remove the pending request for recordation as a violation of the discharge order. PR Recovery appeared as BDE's successor in interest in POC 4 and opposed on the grounds that *res judicata* and laches barred appellees from challenging POC 4's status as a secured claim years after it was allowed and after the case was closed.

The Bankruptcy Court disagreed with PR Recovery, focusing on the fact that BDE falsely represented that it had a secured claim at the time it filed POC 4. Because the mortgage was never validly constituted (given that it was not even presented for recordation at the time of the discharge order), BDE did not have a security interest in appellees' property and its personal unsecured claim was discharged. Therefore, according to the Bankruptcy Court, BDE violated the discharge order by attempting to convert a discharged, unsecured claim into a secured claim. Moreover, the Bankruptcy Court found that PR Recovery violated the discharge order by maintaining the pending request to record the mortgage deed at the Registry of Property. It also found inapplicable the doctrine of laches due to BDE and PR Recovery's unclean hands. The Bankruptcy Court thus denied PR Recovery's motion for partial summary judgment and granted the appellees' cross-motion for partial summary judgment.³ The Court set a pre-trial

---

³ The Hon. Mildred Cabán-Flores of the Bankruptcy Court issued the Order during a motion hearing held on April 20, 2022, which was later summarized in minute order entered the next day. *See*, **Adversary Proceeding, at ECF No. 127**. Therefore, all references to the Order in this Opinion will refer to pages 13-21 of the motion hearing transcript submitted as part of PR Recovery's Appendix on appeal (**ECF No. 15-1**), which contains the Bankruptcy Court's relevant findings and order. *Cf.* **Adversary Proceeding, at ECF No. 159**.

conference for a later date on the issue of damages for the violation of the discharge order, therefore making the Order partial in nature. *See*, **ECF No. 15-1**.[4]

PR Recovery asks the Court to grant it leave to appeal the Bankruptcy Court's interlocutory Order. PR Recovery alleges that this appeal presents a controlling question of law which resolution will materially advance the termination of the Adversary Proceeding. However, because PR Recovery failed to brief, and much less establish, that a substantial ground for difference of opinion as to this alleged controlling question of law exists, and due to the absence of extraordinary circumstances, the Court will, in its discretion, **DENY** PR Recovery leave to file an interlocutory appeal.[5]

## II.   Standard of Review

Pursuant to 28 U.S.C. § 158(a), this Court has jurisdiction "'to hear appeals [ ] from final judgments, orders, and decrees; ... and [ ] with leave of the court, from other interlocutory orders and decrees.'" *Rodríguez-Borges v. Lugo-Mender*, 938 F. Supp.2d 202, 207 (D.P.R. 2013) (quoting 28 U.S.C. § 158(a)).

The decision whether or not to grant leave to appeal an interlocutory order is entirely within the Court's discretion. *Id.* The "[a]pplication of [section] 158(a)(3) review of interlocutory

---

[4] BDE has not appeared in the Adversary Proceeding and remains in default.

[5] Appellant states in its Brief that it interpreted the Court's Order at **ECF No. 8** as granting its Motion for Leave to Appeal. *See*, **ECF No. 12**, at 2 n. 2. This interpretation reads too far into the Order, which merely granted the extension of time previously requested by PR Recovery, not leave to appeal. However, because the Court's Order at **ECF No. 8** did include a deadline for PR Recovery to file a brief in support of its appeal and the designation for items to be included in the record on appeal, the Court concedes that such a reading is not wholly unreasonable, even if ultimately incorrect.

orders mirrors application of [28 U.S.C.] § 1292(b)." *In re Martínez*, 541 B.R. 539, 541 (D.P.R. 2015) (internal quotation marks omitted) (quoting *In re Watson*, 309 B.R. 652, 659 (B.A.P. 1st Cir. 2004)). As such, when evaluating a request for leave for an interlocutory appeal, the Court will consider whether the movant has established the three elements provided under 28 U.S.C. § 1292(b). These are: "whether (1) the order involves a controlling question of law (2) as to which there is substantial ground for difference of opinion, and (3) whether an immediate appeal from the order may materially advance the ultimate termination of the litigation." *In re Martínez*, 541 B.R. at 541; *see* 28 U.S.C. § 1292(b). "Within this analysis, courts must bear in mind that interlocutory bankruptcy appeals should be limited to cases presenting exceptional circumstances." *Puerto Rico Asphalt, LLC v. Betteroads Asphalt, LLC*, No. 19-1661, 2020 WL 2843031 at *10 (D.P.R. May 29, 2020). The party seeking the interlocutory appeal must establish all three elements. *See*, *In re Bank of New England Corp.*, 218 B.R. 643, 652–54 (B.A.P. 1st Cir. 1998); *WM Capital Partners 53, LLC v. Allied Fin., Inc.*, No. 17-2015 (ADC), 2018 WL 1704474, at *2 (D.P.R. Mar. 30, 2018).

In any event, "the First Circuit has instructed courts to grant leave sparingly and only in exceptional circumstances." *In re Martínez*, 541 B.R. at 541 (quoting *Rodríguez–Borges*, 938 F. Supp.2d at 212); *see also*, *In re San Juan Dupont Plaza Hotel Fire Litig.*, 859 F.2d 1007, 1010 n. 1. The reason for such a high standard is well known: "appellate review is generally limited to final decisions precisely in order to avoid piecemeal litigation, promote judicial efficiency, reduce the cost of litigation, and eliminate the delays caused by interlocutory appeals." *United States v.*

*Sampson*, 58 F. Supp. 3d 136, 148 (D. Mass. 2012) (quoting *Appeal of Licht & Semonoff*, 796 F.2d 564, 569 (1st Cir. 1986)).

### III. Discussion

#### A. PR Recovery failed to establish the existence of the necessary elements under 28 U.S.C. § 1292(b).

As a threshold (and here, dispositive) matter, PR Recovery did not attempt to establish that it met all three elements required under 28 U.S.C. § 1292(b) for the granting of leave to file an interlocutory appeal. A careful review of PR Recovery's Motion for Leave and its Brief shows that, although PR Recovery attempted to establish the existence of a controlling question of law and argued that its resolution would materially advance the termination of the Adversary Proceeding below, it did not address whether a substantial ground for difference of opinion existed as to this question.

It is well-settled that a party seeking an interlocutory appeal must establish **all three elements**. *See*, *In re Bank of New England Corp.*, 218 B.R. at 652–54; *WM Capital Partners 53*, 2018 WL 1704474 at *2. It is equally well-settled that leave to appeal an interlocutory order is to be granted sparingly and that the decision lies entirely within the Court's discretion. *In re Martínez*, 541 B.R. at 541; *In re San Juan Dupont Plaza Hotel Fire Litig.*, 859 F.2d at 1010 n. 1. Therefore, in this context, the Court has no obligation to supply what counsel has failed to provide. *See*, *U.S. v. Pérez-Velázquez*, 488 F. Supp 2d 82 at 87 (D.P.R. 2007) ("Undeveloped arguments not supported by legal authorities are deemed waived and/or abandoned") (citing *U.S. v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990)).

Having failed to address whether there exists substantial ground for difference of opinion, the Court need not delve into PR Recovery's arguments regarding the other two prongs of section 1292(b)'s standard. *See, In re Bailey*, 592 B.R. at 414 (B.A.P. 1st Cir. 2018).[6] Neither does the Court find that PR Recovery's interlocutory appeal presents exceptional circumstances that warrant its exercise of discretion. The Court will therefore decline to exercise its discretion under 28 U.S.C. § 158(a) to hear PR Recovery's interlocutory appeal.

**B. The pendency of further proceedings before the Bankruptcy Court counsel against granting leave to appeal.**

Finally, the Court notes that, less than a month after PR Recovery filed its Notice of Appeal and initiated this proceeding, it submitted to the Bankruptcy Court a joint stipulation with appellees that purported to settle the issue of liability for damages for violation of the discharge order. *See*, **ECF No. 3**. The Bankruptcy Court promptly issued an order in which it suggested that, barring the present appeal, it would consider the stipulation and hold a hearing on the remedy requested by the appellees concerning the pending request for recordation of the mortgage on their property. *Id.*[7]

The above development strongly suggests that an interlocutory decision on the matter here appealed is, at present, unnecessary. It is probable, given the above, that the Bankruptcy Court will soon be able to issue a final judgment, order, or decree from which the aggrieved

---

[6] The Court thus expresses no opinion on whether PR Recovery's framing of the controlling question of law is correct or whether the resolution of this question would ultimately advance the underlying litigation.

[7] The Bankruptcy Court ordered the parties to communicate this order to this Court, which PR Recovery did. *See*, **ECF No. 3**.

party may appeal as of right. 28 U.S.C. § 158(a). Therefore, the Court's decision today to deny leave to appeal is taken partly to "avoid piecemeal litigation, promote judicial efficiency, reduce the cost of litigation, and eliminate the delays caused by interlocutory appeals." *United States v. Sampson*, 58 F. Supp. 3d at 148.

## IV.  Conclusion

PR Recovery's Motion for Leave to Appeal and Brief fail to identify a substantial ground for difference of opinion on a controlling question of law that would materially advance the termination of the Adversary Proceeding below. This is enough reason for this Court to decline to exercise its discretion to grant leave to appeal the Bankruptcy Court's interlocutory Order under 28 U.S.C. § 1292(b). The lack of exceptional circumstances, as well as the tangible possibility that a final judgment, order, or decree may be forthcoming, counsel against granting leave.

For the above reasons, the Court **DENIES** PR Recovery's Motion for Leave to Appeal at **ECF No. 5**.[8] The Clerk of Court shall enter judgment dismissing the appeal and return the case to the United States Bankruptcy Court for the District of Puerto Rico.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 29th day of March, 2023.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**

---

[8] The Court expresses no opinion on the weight of PR Recovery's *res judicata* arguments or the merits of the Bankruptcy Court's Order.